Clarence T. Fox, Jr., ) C/A No.2:10-00780-HFF-RSC
                  Petitioner )

vs. )

Eric Holder, in his official capacity; )
Federal Bureau of Prisons, in its )   Report and
official capacity; and )   Recommendation
Darlene Drew, in her official capacity, )

                 Respondents. )

Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA),Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys,

*Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, this *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

Petitioner, a federal inmate at Federal Correctional Institution (FCI) Bennettsville, indicates that he is currently serving a life sentence and a concurrent sentence of two hundred and forty (240) months.[1] Petitioner alleges that the Bureau of Prisons (BOP) has failed to ascertain the correct "date of offense" for computation of Petitioner's life sentence. The Petitioner has previously brought two actions, filed pursuant to 28 U.S.C. § 2241, in this District Court asserting nearly identical allegations as

---

[1] On January 23, 1990, Petitioner was sentenced in the United States District Court for the Northern District of Florida for drug offenses in Criminal Case No. 89-01018-04-MMP. (Petition, Attachment No. 8, Exhibit "H").

2

the instant action. *See Fox v. Drew*, Civil Action No. 2:09-1868-HFF-RSC, 2009 WL 2381304 (Aug. 3, 2009 D.S.C.), *aff'd Fox v. Drew*, No. 09-7578, 2010 WL 236708 (Jan. 21, 2010 D.S.C.); *Fox v. Rivera*, C/A No. 2:07-cv-03051-GRA-RSC, 2007 WL 3273551 (Nov. 2, 2007 D.S.C.), *aff'd Fox v. Rivera*, No. 07-7689, 2008 WL 2185428 (4th Cir. May 27, 2008).

This court takes judicial notice of Civil Action No.'s 2:09-1868 and 2:07-3051. A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding). *See also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949). The Petitioner's previous cases were summarily dismissed as explained in the Report and Recommendations issued by the undersigned on July 17, 2009 (09-1868) and September 12, 2007 (07-3051). The most recent Report and Recommendation stated:

> The claims raised in the above-captioned case, however, are not proper § 2241 grounds. Whether filed by a state prisoner or federal prisoner, a petition for writ of habeas corpus under 28 U.S.C. § 2241 has only been resorted to only in limited situations such as actions challenging the administration of parole, *Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, *McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504-505 (6th Cir. 1993) ; prison disciplinary actions, *United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); imprisonment allegedly beyond the expiration of a sentence, *Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991); or unsuccessful attempts to overturn federal convictions, *San-Miguel v. Dove*, 291 F.3d 257 (4th Cir. 2002).

3

> "[A] prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U. S. C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir.1994). Since the petitioner is seeking relief from his convictions entered in the United States District Court for the [Northern] District of [Florida], the relief requested by the petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255.

See *Fox v. Drew*, Civil Action No. 2:09-1868-HFF-RSC, 2009 WL 2381304 (Aug. 3, 2009 D.S.C)(Docket Entry No. 8, pages 4-5).

The Petitioner's current § 2241 petition, which again alleges an incorrect "date of offense" for his federal criminal conviction, is subject to summary dismissal for the same reasons. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient"). As the issues involved in the petition *sub judice* were addressed in Civil Action No.'s 2:09-1868 and 2:07-3051, this duplicate §2241 petition should be summarily dismissed in the interests of judicial economy and efficiency.

### Recommendation

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the Respondent. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus

petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). Petitioner's attention is directed to the important notice on the next page.

April  2  , 2010            _____
Charleston, South Carolina   Robert S. Carr
                             United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).